### COTTON *vs.* CULLEN.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

If a defendant deny that he is heir, he cannot be made liable until it be shewn that he accepted the inheritance, although by the will, he be appointed executor aad residuary legatee.

The defendant was sued *as the only heir* of one Cooksey, who died indebted to the plaintiff in the sum of $425. The petition was excepted to on the following grounds: 1st, that the defendant was not *the only heir* of Cooksey, as alleged in the petition: 2d, that the petition did not fet forth that Cooksey left any succession, where such succession was situate, or that the defendant had accepted the same, either unconditionally or under the benefit of inventory: 3d, that Cooksey resided in the state of Virginia, where he left a will, which, according to the laws of that state, must be administered either by an executor, or administrator *cum testamento annexe;* whose duty it is to pay all the debts of the estate; who keeps possession of it, giving security for the faithful ad-

ministration of the same, until all the debts of such estate are duly liquidated and paid: upon which event alone, such executor or administrator is bound to pay over the balance, if any, to the heirs or legatees of his testator: 4th, that the petition did not allege, that the deceased left any property within the jurisdiction of the court, or that the defendant had received any part of the estate. These exceptions were overruled; and the defendant answered by denying that he was the heir of Cooksey, or in any manner bound to pay his debts.

It appeared from the evidence, that Cooksey was a resident of the state of Virginia; that he died, leaving a will, wherein the defendant was appointed his executor and residuary legatee; that the defendant proved the will in Virginia, where he qualified as executor, and gave bond, &c.

From these facts the Judge *a quo* was of opinion the defendant had made himself liable, and gave judgment accordly. The defendant appealed.

*Schmidt* for appellant.

*Cannon*, for appellee, contended,

1st. The appellant has himself proven the will of Cooksey; in which will he is appointed testamentary executor and residuary legatee, or in the language of our laws, universal heir.

2d. The probate and homologation of the will at once vested in him the estate in his twofold capacity of testamentary executor and of heir, without any other demand being necessary; for our code (the laws of Virginia not being shown) says: "Neither is the testamentary executor who has the seizure of the estate, and who is at the time a legatee, bound to *demand the delivery of his legacy.* He can retain it in his possession, subject to the same restitution."—*C. C. art.* 1621.

3d. The defendant has not made any protest or declaration, that he severed his capacities of testamentary executor and of heir, which is fatal against him. Our Code says:

"He who is called to the succession, being seized thereof in right, is considered as heir, as he has not manifested the will to divest himself of that right by renouncing the succession."—*C. C. art.* 1,007.

4th. "The renunciation of a succession is not presumed: it must be made expressly by public act before a notary, in presence of two witnesses."—*C. C. art.* 1,010.

5th. The defendant has not renounced, he only *denies that he is heir.* The plaintiff was only bound, then, to show that the defendant was heir. The defendant ought, when sued for a debt of the deceased, to have taken the benefit of an inventory, or to have renounced the succession. Omitting to do this, he has rendered himself liable to pay the amount of the debt.

*Martin, J.,* delivered the opinion of the court.

The defendant, sued as the only heir of Cooksey, excepted to the petition on the following grounds:

1st. That he is not the only heir of Cooksey, as therein alleged.

2d. That the petition did not state that the deceased had left any property, where situated, or that the defendant had accepted the succession, either generally or with the benefit of inventory.

3d. That the petition sheweth the deceased was a resident of Virginia; that he left a will; and his estate, according to the laws of that state, is to be administered by the executor, who has the possession of it till the debts are paid.

4th. That the petition does not state, directly or indirectly, that the deceased left any property in Louisiana.

These exceptions being overruled, the defendant denied he was Cooksey's heir, and pleaded the general issue.

It was proved that Cooksey was lost at sea, leaving a will by which he appointed the defendant his executor and residuary legatee; that the defendant proved the will in Rich-

COTTON
vs.
CULLEN.

mond, Virginia, and gave bond, according to law, for the faithful execution of the will.

Irwin deposed that, in a conversation with the defendant, he has understood something of the defendant's attending to, or superintending, the sale of slaves belonging to the estate of the deceased; and that the witness further understood that Priddy was agent of a firm that had existed in Richmond between one Prentis and the deceased; and that since the death of the latter, he has understood, the defendant gave Priddy instructions with regard to the disposal of slaves belonging to the partnership. From conversations with the defendant, the witness has inferred, that the former and other persons were the heirs of the deceased. He has further understood that there is property of Cooksey & Prentiss's in New-Orleans; and the defendant, as one of Cooksey's heirs, expects to receive property from Prentis.

Priddy deposed he has heard the defendant say he was one of Cooksey's heirs; that the witness has funds belonging to the firm of Cooksey & Prentis; that he has not paid any money, or delivered any note to the defendant, as heir of Cooksey.

On this testimony the Parish Judge was of opinion, that the defendant being executor and residuary legatee, and having proved the will and taken on himself the charge of its execution, he made himself liable to account for the regularity of his administration to every creditor of the estate, who, on proof of his claim, becomes entitled to be satisfied out of the funds of the estate in the executor's hands. The court, after this, being satisfied of the plaintiff's claim on the estate, gave judgment against the defendant; presuming, from the large penalty of his bond, in Virginia, as executor, ($20,000,) that the estate is sufficient to pay all its debts.

From this judgment the defendant appealed.

He was sued as heir: it must therefore be shewn, before he be made liable in the present suit, that he accepted the inheritance.

If a defendant deny that he is heir, he cannot be made liable until it be shewn that he accepted the inheritance, altho' by the will he be appointed executor and residuary legatee.

We have doubted whether the negative, in his first exception, was not pregnant with the affirmative that he was *one* of the heirs. He was sued as the *only* heir; and exempted to the petition, as incorrectly charging him in a capacity which he did not possess. It appears to us, on reflection, the exception is a mere denial of the allegation in the petition.

There is no evidence of any act of the defendant as heir, except what Irwin says: that in a conversation with him, he *understood something* of his, the defendant's, attending to, or superintending the sale of the deceased's slaves. What that *something* was, the witness does not state. To this part of the evidence the first judge does not appear to have attached any importance. The nature of the *instructions* the defendant gave in relation to the partnership slaves, we are not informed; and Preddy, the agent of the partnership, in whose hands its slaves were, is absolutely silent.

When we consider that the defendant was executor to the deceased's will, which contains several legacies to other persons, it is clear, notwithstanding his interference with the property of the estate, he cannot be charged, as an absolute heir, with the whole debts, till he makes himself liable by an act as *absolute* heir: till the debts are paid, and the legacies are paid, the residuary legatee has its option to renounce or accept as a beneficiary heir. His verbal declaration that he is an heir, and expects to receive property as such, are not an acceptance.—*Civil Code*, 983—989.

As there is no evidence of acceptance of the capacity of heir, we think the judge erred in giving judgment against him.

It is therefore ordered, adjudged, and decreed, that the judgment of the Parish Court be annulled, avoided, and reversed; and that there be judgment against the plaintiff, as in case of nonsuit, the appellee paying costs in both courts.